UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   11-20409-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

DAVID BYRNES,                    :

         Petitioner,             :

v.                               :          REPORT OF
                                            MAGISTRATE JUDGE
UNION CORRECTIONAL INSTITUTION,

         Respondent.             :
_____

     David Byrnes filed a pro se petition for writ of habeas corpus
pursuant to 28 U.S.C. §2254, attacking his convictions and
sentences entered in Broward County, case nos. 76-04490, 04489 and
1572. [1]

     The petitioner was sentenced to two years incarceration,
followed by eight years of probation in 1976, upon pleas of guilty.
Research at the Florida Department of Corrections website reveals
that the petitioner is presently incarcerated for fifteen years in
case no. 97-4316 entered in Duval County, and five years in case
no. 03-1532 entered in Pasco County.

     Byrnes is no longer "in custody" on the expired sentences, and
he cannot bring a federal habeas corpus action solely attacking the
expired sentence.  See: Means v. Alabama, 209 F.3d 1241 (11 Cir.
2000).

     This court is therefore without subject matter jurisdiction to
entertain this petition. In Lackawanna County District Attorney v.

_____

     [1]Byrnes filed a prior petition, assigned case no. 89-196-Civ-
Scott which was dismissed without prejudice in 1989.

<u>Coss</u>, 532 U.S. 394 (2001), the Supreme Court held that 28 U.S.C. §2254 may not be used to collaterally attack an expired prior sentence even if it was used to enhance the sentence a petitioner is currently serving, so long as the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully. <u>See also</u>, <u>Daniels v. United States</u>, 121 S.Ct. 1578 (2001).

The only exception to the <u>Lackawanna</u> rule occurs if the conviction was obtained in violation of the defendant's right to counsel, as recognized in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1965). Byrnes does not state that he entered his pleas without the aid of counsel.

Since the sentence for the convictions at issue in this case has expired and is no longer open to direct or collateral attack, no jurisdiction exists under §2254 to entertain a challenge to those convictions. <u>Lackawanna</u>, <u>supra</u>.

It is therefore recommended that this petition be dismissed.

Objections to this Report may be filed with the District Judge within fourteen days after receipt.

Dated this 6th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   David Byrnes, <u>Pro Se</u>
      DC #053824
      Union CI
      Address of record